**David W. ARISMAN, Plaintiff– Appellant,**

**v.**

**J.S. WOODFORD; et al., Defendants– Appellees.**

**No. 08–15765.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Aug. 31, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David W. Arisman, San Quentin, CA, pro se.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

California state prisoner David W. Arisman appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We review for abuse of discretion a district court's decision whether to appoint counsel. *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1102 (9th Cir.2004). We affirm in part, vacate in part, and remand.

■ The district court properly determined that Arisman's complaint failed to allege facts suggesting that defendant Perry deprived Arisman of property. *See Parratt v. Taylor*, 451 U.S. 527, 536–37, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (noting that a deprivation of life, liberty, or property is a prerequisite to a valid due process claim), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The district court also properly determined that the complaint stated no claim against defendant Morgan because it merely alleged that Morgan violated an institutional regulation in limiting the number of books Arisman could order at one time. *See id.*

■ However, Arisman's claims against Walker, Muñoz, Woodford, and Grannis were sufficient to proceed beyond dismissal under section 1915A. Arisman alleged that Walker, as property officer, notified Arisman that he would dispose of the property at issue if Arisman did not do so himself, and did later dispose of the property. He further alleged that Muñoz, Walker's supervisor, denied his grievances and approved of the property disposal, and that Woodford, then warden, and Grannis, chief of inmate appeals, denied and ignored his grievances and thus refused to stop the property disposal. Liberally construed, these allegations are sufficient to state a claim for intentional deprivation of property without due process of law. *See Zinermon v. Burch*, 494 U.S. 113, 136–38, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (holding that defendants cannot escape section 1983 liability where the deprivation of liberty was predictable, the creation of a pre-deprivation process was not impossible, and the defendants had the power and authority to effect the very deprivation complained of).

Because Arisman failed to plead either his retaliation or state-law claims in his complaint, we do not consider them. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005) ("[C]ourts, when ruling on a motion to dismiss, must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint.").

The district court did not abuse its discretion in denying Arisman's request for appointment of counsel because Arisman

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

did not demonstrate extraordinary circumstances. *See Agyeman,* 390 F.3d at 1103 (determining extraordinary circumstances based on the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved).

Arisman's remaining contentions are unpersuasive.[1]

Arisman shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

1. We note with regret the delay in the district court in the disposition of these matters.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.